JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE #: AN0369 | CASE NUMBER |
|---|---|
| CALVIN L. EL BEY SHARP, | CV 23-8317-GW-KES |
| v.  PETITIONER | |
| JEFF LYNCH, Director of Mental Health Dept., et al., | ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (HABEAS) |
| RESPONDENT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it.  On the question of indigency, the Court finds that Petitioner:

☒ is not able to pay the filing fee.  ☐ is able to pay the filing fee.

☐ has not submitted enough information for the Court to tell if Petitioner is able to pay the filing fee.  This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that Petitioner may provide additional information.

☐ The Request is DENIED because Petitioner has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because in screening the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court finds that it plainly appears that Petitioner is not entitled to relief in the district court.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, Petitioner must do the following:

If Petitioner does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it plainly appears that Petitioner is not entitled to relief in the district court, this case is hereby DISMISSED: ☒ WITHOUT PREJUDICE  ☐ WITH PREJUDICE.

October 16, 2023

Date

*[signature: George H. Wu]*

United States District Judge

On June 7, 2023, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 6.) On June 12, 2023, he filed a Motion to Proceed in Forma Pauperis. (ECF No. 10.) On September 29, 2023, the action was transferred to this Court. (ECF No. 21.) The Petition challenges a 2012 judgment of conviction in the Ventura County Superior Court (Case No. 2008014330), in which Petitioner was sentenced to life without parole for first-degree murder and other crimes. (ECF No. 6.) The Petition also challenges a condition of confinement that allegedly required Petitioner to speak to his lawyer through speakerphone in the presence of prison employees. (ECF No. 6.)

The Court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A habeas petition may be dismissed under Rule 4 if it is successive. Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014); Silversky v. Frink, 500 F. App'x 625, 626 (9th Cir. 2012); Kastle v. Noll, 2010 WL 532380, at *2 (C.D. Cal. Feb. 9, 2010). A habeas petition also may be dismissed under Rule 4 if it fails to challenge the legality or duration of the petitioner's confinement but, instead, challenges a condition of confinement that would not necessarily lead to speedier release and should be raised in a civil rights action. Pinson v. Carvajal, 69 F.4th 1059, 1065 (9th Cir. 2023). Both reasons warrant dismissal here.

First, the Petition is successive. Petitioner's initial habeas petition challenging his conviction was denied as untimely in November 2017, in Case No. 16-2504 GW (AJW). Since then, Petitioner has filed a series of habeas petitions that have been dismissed as successive, in Case No. 18-2235 GW (FFM); Case No. 20-9839 GW (KES); and Case No. 21-8846 GW (KES). Before filing the instant Petition, Petitioner was required to "move in the appropriate court of appeals for an order directing the district court to consider his application." Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Petitioner has not obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive Petition. Accordingly, the Court may not consider Petitioner's challenge to his conviction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Second, Petitioner's allegation about having to speak with his attorney through speakerphone is a claim about a condition of confinement that is not properly brought in a habeas action. See Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990) (per curiam) (examining the right to private communications with counsel as a claim about a condition of confinement in a civil rights action).

Thus, the Petition is dismissed as an unauthorized successive petition and as an improper challenge to a condition of confinement. Moreover, the Petition is dismissed without leave to amend because "it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam); see also Pinson, 69 F.4th at 1065 ("It is . . . unclear what facts [Petitioner] could allege in an amended petition to confer subject matter jurisdiction on the district court under [the habeas statute]."); Tyler v. Superior Court of San Bernardino County, 2018 WL 10195926, at *1 n.1 (E.D. Cal. Jan. 29, 2018) ("[A]mendment is futile because the petition is an unauthorized successive petition.").

Finally, the Court declines to convert Petitioner's claim about a condition of his confinement to a civil rights action. See Pinson, 69 F.4th at 1076 (recognizing that conversion is discretionary, not mandatory). The Petition on its face is not amenable to conversion because Petitioner seeks relief from Respondents who do not appear to have been involved with the speakerphone call. See id. (holding that a habeas petition was facially not amenable to conversion when, in part, it sought relief from an improper defendant). Accordingly, the Petition is dismissed without leave to amend, and the action is dismissed without prejudice to filing a civil rights action.